AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Northern District of Texas

| | |
|---|---|
| United States of America<br>v.<br><br>JOSHUA COLE<br><br>*Defendant(s)* | )<br>)<br>)  Case No.  1:25-MJ-089-BU<br>)<br>)<br>)<br>) |

**FILED**
September 19, 2025
KAREN MITCHELL
CLERK, U.S. DISTRICT COURT

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __September 18, 2025__ in the county of __Taylor__ in the __Northern__ District of __Texas__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 18, United States Code, Section 875(c) | Interstate Threatening Communications |

This criminal complaint is based on these facts:

see attached affidavit in support of complaint.

☑ Continued on the attached sheet.

s/ Matthew L. Tusing
**Assistant U.S. Attorney**

_____
*Complainant's signature*

Sam C. Venuti, FBI Special Agent
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone.

Date: September 19, 2025

_____
*Judge's signature*

City and state: Abilene Texas

John R. Parker, U.S. Magistrate Judge
*Printed name and title*

# AFFIDAVIT OF SPECIAL AGENT SAM C. VENUTI IN SUPPORT OF CRIMINAL COMPLAINT AND ARREST WARRANT

I, Samuel C. Venuti, being duly sworn, do hereby state as follows:

## Title 18, United States Code, Section 875(c)

Title 18, United States Code, Section 875(c), makes it a crime for anyone to send or transmit a threat to injure the person of another in interstate or foreign commerce. There are three elements of this offense:

*First*: That the defendant knowingly sent or transmitted a communication containing a threat to injure the person of another, as charged;

*Second:* the defendant transmitted the communication either with the purpose of issuing a true threat or with knowledge that the communication would be understood as a true threat, as defined in these instructions; and

*Third*: That the communication was sent in interstate or foreign commerce.

A "threat" is a serious statement expressing an intent to injure any person, which under the circumstances would cause apprehension in a reasonable person, as distinguished from mere idle or careless talk, exaggeration, or something said in a joking manner. The government must prove the defendant intended his or her communication to be a threat or had knowledge that the communication would be viewed as a threat.

Postings on websites are sent in interstate or foreign commerce because transmitting messages by means of the Internet is tantamount to moving messages across state lines and thus constitutes transportation in interstate commerce. *Cf. United States v. Runyan*, 290 F.3d 223, 239 (5th Cir. 2002) (holding that use of Internet, in and of itself,

Affidavit in Support of Criminal Complaint – **Page 1**

constitutes interstate transportation sufficient to satisfy the interstate commerce element of 18 U.S.C. § 2251); *see United States v. Elonis*, 897 F. Supp.2d 335, 343-44 (E.D. Pa. 2012), *overruled on other grounds by Elonis v. United States*, 575 U.S. 723 (2015) (holding same in the context of 18 U.S.C. § 875(c)).

## AGENT BACKGROUND

1. I am a Special Agent with the Federal Bureau of Investigation (FBI), United States Department of Justice, and have been since April 2023. I received approximately 20 weeks of training at the FBI Academy in Quantico, Virginia. During that time, I received training on various topics including evidence collection, interviewing, legal procedure and process, source management, investigative technology, firearms and tactical training, and defensive tactics. I am assigned to the Dallas Field Office, Abilene Resident Agency and have been since April 2023.

2. I am familiar with the facts described in this Affidavit through my own personal knowledge, as well as through my discussion with other law enforcement officials and my understanding of other investigative activities conducted during this investigation. Because this affidavit is submitted for the limited purpose of demonstrating probable cause, I have not included every fact known to me in this affidavit.

3. I make this affidavit in support of an application for issuance of a criminal complaint and arrest warrant for JOSHUA COLE, for a violation of Title 18, United States Code, Section 875(c) Threatening Interstate Communications.

## **PROBABLE CAUSE**

4. Yesterday, on September 18, 2025, the Abilene Police Department (APD) notified my office that a local resident, JOSHUA COLE (hereinafter "COLE"), threatened to commit a shooting at the Abilene gay pride taking place on Saturday, September 20, 2025, in Abilene, Texas. On a post that provided details about the upcoming parade, COLE stated, "fk their parade, I say we lock and load and pay them back for taking out Charlie Kirk." COLE also stated, "theres only like 30 of em we can send a clear message to the rest of them." COLE also stated, "come on bro let's go hunting fairies."

5. Today, I attempted to make contact with COLE at his place of employment in Abilene, Texas. Upon arrival, his employer stated that COLE had just quit his employment and stormed out of the facility in anger. COLE had worked for the employer for over a year. COLE's coworkers described him as a "hot head."

6. The online messages COLE made regarding the shooting at the parade appear below. The original post with details of the parade:



Affidavit in Support of Criminal Complaint – **Page 3**

7. COLE posted a response to the parade details with Facebook account "Jay Dubya." Agents confirmed that COLE uses the Facebook Account "Jay Dubya." A photo of COLE's face is the user profile photo. COLE's comments on the parade details are as follow:






8. This morning, APD made traffic stop on COLE. I was present at the scene. I told COLE that I wanted to talk to him. COLE asked, "about what?" or words to that affect. I stated that I wanted to talk to him about his "online activity." COLE then sighed and his body posture indicated that COLE knew the reason for our discussion. He did not appear surprised.

9. Agents detained COLE. I read COLE his *Miranda* rights. COLE waived his *Miranda* rights and agreed to answer questions. COLE admitted that he has a firearm. COLE admitted that he operates the Facebook account "Jay Dubya." COLE admitted that he made the posts that appear in this Affidavit. COLE admitted that he posted the comments on Facebook last night from his home in Anson, Texas. COLE agreed that

Affidavit in Support of Criminal Complaint – **Page 5**

parade participants and organizers could interpret his comments as threats. COLE agreed that a reasonable person could interpret his comments as a threat. COLE stated that he did not believe that the gay pride event should be allowed. COLE denied that he was going to take action or shoot parade participants.

## REQUEST FOR CRIMINAL COMPLAINT

10. COLE is currently in custody at the Taylor County Jail in Abilene, Texas. I believe probable cause exists that COLE made a true threat. His statements that "fk their parade, I saw we lock and load and pay them back for taking out Charlie Kirk" and "theres [sic] only like 30 of em we can send a clear message to the rest of them" and "come on bro let's go hunting faires" are true threats. In other words, the statements express an intent to injure a person which, under the circumstances, would cause apprehension in a reasonable person. COLE specifically addressed the gay pride parade set to occur in Abilene, Texas, tomorrow, Saturday, September 20, 2025. The threats were not conditional. The threats were specific. The threats were also specific to a particular set of victims: people participating in the gay pride parade tomorrow. With this level of specificity, COLE's comments were not mere idle or careless talk, exaggeration, or something said in only a joking manner. A reasonable person would experience apprehension of violence based on COLE's statements.

11. Based on the aforementioned information, I respectfully submit that there is probable cause to believe that JOSHUA COLE, with the specific intent to threaten harm or bodily injury, used an electronic communication service or electronic communication system of interstate commerce, or any other facility of interstate or foreign commerce, to

transmit a threat to injure the person of another, in violation of Title 18, United States Code, Section 875(c).

Respectfully submitted,

*[signature]*

Sam C. Venuti, Special Agent
Federal Bureau of Investigation.

Pursuant to Federal Rules of Criminal Procedure 4.1 and 41(d)(3), the undersigned judicial officer has on this date considered the information communicated by reliable electronic means in considering whether a complaint, warrant, or summons will issue. In doing so, I have placed the affiant under oath, and the affiant has confirmed that the signatures on the complaint, warrant, or summons and affidavit are those of the affiant, that the document received by me is a correct and complete copy of the document submitted by the affiant, and that the information contained in the complaint, warrant, or summons and affidavit is true and correct to the best of the affiant's knowledge.

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone this 19th day of September 2025.

*[signature]*

JOHN R. PARKER
UNITED STATES MAGISTRATE JUDGE